## Commonwealth v. Barclay

650

*John A. Solis-Cohen,* for Commonwealth.
*John R. Howland,* for defendants.

RUFE, *J.,* February 10, 1977 — In this collection case the Pennsylvania Department of Public Welfare seeks to recover over $8,000 in costs of care expended for defendants' son when he was admitted to the Norristown State Hospital on several different occasions between February 24, 1961 and May 25, 1972.

The depositions establish that defendants' son was over the age of 25 when he was first admitted in 1961. He also had been employed prior to his first admittance, and had accumulated a relatively new car at the time, savings accounts, photographic equipment, guns, pistols, rifles, and a safe deposit box containing photographic slides apparently having some value. However, the Department of Public Welfare acknowledges it never asked defendants' son to pay for any of his own cost of care and never made any effort whatsoever to recover any portion of these charges from the patient himself.

Defendants now move for summary judgment on the basis that the Department of Public Welfare has never established the inability of the patient to

bear his own cost of care expenses as a condition precedent to their liability, and further, has not taken the appropriate steps to determine the extent of their liability, both of which are required by the applicable Mental Health and Mental Retardation Act of 1966[1]. In addition, defendants now maintain that a 1974 amendment to the applicable section of the act terminates any legal liability they may ever have had to reimburse the Department of Public Welfare.

The Commonwealth relies on a 1915 act[2] which provides in pertinent part as follows:

"§1783. Liability of relatives and estates by entireties

"The husband, wife, father, mother, child, or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided . . . ."

Conversely, defendants rely on the following statutory provisions:

"4501[3]. Liability of mentally disabled persons

"Whenever public funds are expended under any provision of this act on behalf of a mentally disabled person, the governmental body expending such funds may recover the same from such person subject to the regulations of the department and for this purpose liability is hereby imposed upon such person admitted, committed or other-

---

1. Act of October 20, 1966, P.L. 96, 50 P.S. §4101 et seq.

2. Act of June 1, 1915, P.L. 661, sec. 3; as amended May 10, 1921, P.L. 438, sec. 2, 71 P.S. §1783.

3. October 20, 1966, Special Sess. No. 3, P.L. 96, art. V, sec. 501, 50 P.S. §4501.

wise receiving any service or benefit under this act for all costs, payments or expenditures with reference thereto, including but not being limited to the costs of admission or commitment, transportation, treatment, training, maintenance, complete care, partial care or aftercare and discharge.

"4502[4]. Liability of persons owing a legal duty to support

"Except as provided in section 504, whenever any person admitted, committed or otherwise receiving any service or benefit under this act shall be unable to discharge the obligation imposed upon him by section 501, such liability is hereby imposed upon any person owing a legal duty to support the person admitted, committed or otherwise receiving services or benefits under this act. "...

"4504[5]. Powers of secretary to determine liability and establish criteria

"(a) Whenever any person receives a service or benefit at any facility under this act wholly or in part at public expense, the secretary is hereby authorized and shall have the power, subject to the approval of the Attorney General, to determine the extent of liability imposed under sections 501 or 502, and to abate, modify, compromise or discharge the liability so imposed provided:

"(1) He is satisfied that the imposition of such liability would: (i) result in the loss of financial payments or other benefits from any public or private source which a mentally disabled person

4. October 20, 1966, Special Sess. No. 3, P.L. 96, art. V, sec. 502, 50 P.S. §4502.

5. October 20, 1966, Special Sess. No. 3, P. L. 96, art. V, sec. 504, 50 P.S. §4504.

would receive, would be eligible to receive or which would be expended on his behalf except for such liability, or (ii) result in a substantial hardship upon the mentally disabled person, a person owing a legal duty to support such person or the family of either, or (iii) result in a greater financial burden upon the people of the Commonwealth, or (iv) create such a financial burden upon such mentally disabled person as to nullify the results of care, treatment, service or other benefits afforded to such person under any provision of this act.

"(2) Proceedings to recover such costs or discharge such liability including legal fees would not be in the best interest of the Commonwealth.

". . .

"(c) The liability of a mentally disabled person or of anyone legally responsible for his support shall be the amount fixed or charged by the secretary and the payment of the amount so fixed or so charged shall relieve such person of all further liability for payment of the maintenance of the mentally disabled person."

In considering the interaction of those several statutes, it appears that defendants might well be subject to liability for their son's expenses depending on the circumstances. The crucial circumstances are (1) the inability of the patient himself to pay for the treatment received; (2) the ability of defendants to pay for their son's treatment; and (3) the determination by the Secretary of Public Welfare of the liability of the defendants for their son's treatment.

In Commonwealth v. Heiser, 53 D.&C. 2d 124 (1971), the court sustained defendant's preliminary objections in the nature of a demurrer for the Commonwealth's failure to aver as a condition

precedent to recovery the patient's own inability to pay his own expenses, and also the failure of the secretary to determine defendant's liability as required in §4504 above. See also Goodell Estate, 59 D.&C. 2d 468 (1972), which holds that the primary responsibility for his maintenance and "liability in the first instances" rests upon the patient himself. Thus, it is clear that these conditions precedent must be established before proceeding to the question of defendants' ability to pay, and the ultimate determination of any liability on the part of defendants.

In the present case it is acknowledged and admitted by the Commonwealth that neither of these conditions precedent have been met. In his brief counsel for the Commonwealth suggests for the first time, outside the record, an explanation for the Commonwealth's failure to take these required precedent steps previously. However, we cannot consider such unsubstantiated representation at this juncture and note, parenthetically, that the proffered explanation only serves to detail the Commonwealth's negligence in failing to take appropriate steps to recover from the patient's own assets concurrent with his treatment.

We conclude that we must sustain defendants' motion for summary judgment because the Commonwealth has failed to seek recovery from the patient himself or establish the liability of defendants as required by the statute as conditions precedent to claim against defendants.

In addition, defendants further assert they are excused from liability by the 1974 amendment[6] to section 4502 above which provides, inter alia:

". . . Upon the mentally disabled person attain-

6. October 12, 1974, P.L. 742 (No. 249), sec. 1, as amended, imd. effective, 50 P.S. §4502.

ing the age of eighteen, or any mentally disabled person over eighteen years of age on the effective date of this act, the liability under the act of the persons owing a legal duty to support him shall cease. . . ."

Defendants maintain that their son was over the age of eighteen when he was admitted to the hospital and certainly is over the age now, and since no liability has even been determined against them prior to the enactment of this amendment, the aforesaid section prohibits the determination of liability against them thereafter. The Commonwealth counters that it is suing to determine and recover the amount owed prior to the effective date of that amendment. While this is indeed an interesting question, and we perceive merit in defendants' position, we do not consider the question in this case as we are able to decide the issue herein without reaching that intriguing question. For the foregoing reasons we enter the following

### ORDER

And now, February 10, 1977, defendants' motion for summary judgment is hereby sustained and plaintiff's complaint is dismissed.